[No. 21851.  Department One.  July 25, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. ALBERT PICHETTE, *Appellant*.[1]

*Henry N. Martin*, for appellant.

*H. A. Davis*, for respondent.

TOLMAN, J.—Appellant was charged by information with the crime of bootlegging, committed on or about June 22, 1928.  He was found guilty by a jury, and from a judgment and sentence on the verdict, he has appealed.

In all of the testimony on behalf of the state relating to what occurred at the time charged in the information, there is not a single word which indicates any carrying about of liquor with intent to sell, or at all.  There is evidence from which the inference of possession with intent to sell might be drawn, and possibly the evidence might sustain a jointist charge.

The only possible evidence of any carrying about at any time, is the testimony of a special deputy sheriff, or special investigator, as to circumstances occurring eighteen days later than the date charged in the information, and seventeen days after the information

[1]Reported in 279 Pac. 566.

was on file in this case, in which testimony he (referring to the appellant) says:

". . . he said that he could get us a bottle, and he told us to stay down in the shade, and he went out of the yard and went south of the house, down toward the Howard house, and he was gone about five minutes, and he came back with a bottle, and he gave it to Mr. Lampson and Lampson handed it to me while he got the money and paid him for it. He paid him $2.50 for the pint."

Later on, the same witness testified that the bottle so obtained contained moonshine whiskey. If this be a carrying about such as the statute requires to constitute the crime of bootlegging, which seems at least open to argument, it was a separate offense occurring after the filing of the present charge, and appellant cannot in this case be convicted of a crime committed at such subsequent time.

There being no evidence of carrying about, as is required by statute to constitute the crime charged, nothing more than the included minor offense should have been submitted to the jury, or as the question was not directly raised until after the verdict, the motion for a new trial should have been granted.

The judgment appealed from is reversed, with directions to grant a new trial.

BEALS, FRENCH, and HOLCOMB, JJ., concur.